IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

KENNETH DAVID HALLIBURTON,    )
LEAH MARI HALLIBURTON,    )
        Plaintiffs    )
            )
v.    )      CASE NO: CIV-23-970-F_____
            )
BRYAN M. EADES, in his    )
        individual capacity,    )
            )
CONNER P. NEWMAN, in his    )
        Individual capacity,    )
        Defendants.    )

## COMPLAINT

### JURISDICTION

1.  Plaintiff's, Kenneth David Halliburton and Leah Mari Halliburton, are citizens of the United States of America and residents of Duncan, Stephens County, Oklahoma.

2.  At all times relevant to the allegations of this complaint, Defendants Bryan Eades and Conner Newman were commissioned police officers for the City of Duncan in Stephens County, Oklahoma.

3.  At all times relevant to the allegations of this complaint, Defendants Bryan Eades and Conner Newman were acting as law enforcement officers under color and

1

pretense of the statutes of the State of Oklahoma and under the authority of

their offices as Oklahoma law enforcement officers.

4.  At all times relevant to the allegations of this complaint, Defendants Bryan Eades

and Conner Newman were residents of the State of Oklahoma.

5.  This complaint arises under the United States Constitution, particularly under the

Fourth Amendment to the Constitution and under federal law, particularly the

Civil Rights Act, Title 42 of the United States Code, Section 1983.

6.  This court has jurisdiction of this cause under Title 28 of the United States Code,

Section 1343.


**GENERAL ALLEGATIONS**

7.   On June 25, 2023, at approximately 12:30 a.m., Plaintiffs, David Halliburton and

his wife, Leah Halliburton, were traveling south on the Duncan Bypass toward

their home.  Plaintiff, David Halliburton, was driving his vehicle.  Their son, Bryan

James Cortright, was following a short distance behind them in a different

vehicle.  Just as Plaintiffs reached the intersection of the Duncan Bypass and

Osage Road, two motorcycles pulled out in front of them, forcing the Plaintiff,

David Halliburton, to slam on his brakes to avoid a collision.  As plaintiffs

continued to follow the two motorcycles south on the Duncan Bypass, the

motorcycle drivers began driving erratically: slowing down then speeding up,

then driving left and right across the lanes.  Soon thereafter, another motorcycle with a driver and a passenger pulled onto the Duncan Bypass southbound and joined the other two motorcycles driving in front of plaintiffs.  All three motorcycles continued to drive erratically.

8.    Plaintiffs worried that the motorcycles would wreck in front of them, or that they might try to stop them.  When the motorcycles slowed down, Plaintiff, Kenneth David Halliburton, quickly accelerated his vehicle and passed the three motorcycles and continued to his home at 1255 Chisolm Trail Parkway, in Duncan.  Shortly before reaching their driveway, plaintiffs noticed that a motorcycle was following them.  Plaintiff, Kenneth David Halliburton, did not and could not have told the motorcycle driver to follow him, as stated in the officer's affidavit, because: plaintiff was driving at highway speed at almost 1:00 a.m. on a dark highway, the motorcyclist was wearing a helmet and could not have heard plaintiff speaking, and plaintiff had to pull into the oncoming traffic lane and to the left of the motorcycles to pass them and could not have spoken with the motorcyclists.  Fearing that the three motorcycles might follow him up to his home, Plaintiff, David Halliburton, pulled into his driveway and stopped near the entrance to the driveway.  Plaintiffs' driveway is more than 150 feet long.

9.    One of the three motorcycles that he had passed earlier pulled into plaintiff's driveway behind him, thereby blocking entry to the drive.  The driver got off the

motorcycle and ran up to Plaintiff, Kenneth David Halliburton's, driver side window screaming at him and beating on his window.  The driver was still wearing a helmet at all times.  Plaintiff, David Halliburton, exited his vehicle and yelled at the driver, telling him that he was on private property and asking him to leave his residence.  Shortly thereafter, plaintiffs' son, Bryan Cortright, pulled in the street behind the motorcycle but couldn't enter the driveway because it was blocked by the motorcycle.  The motorcycle driver, while still wearing his helmet, ran back to Bryan's car and started screaming at him and beating on his window. Plaintiff, David Halliburton, told Plaintiff, Leah Halliburton to drive their vehicle to the house.  Plaintiff, Leah Halliburton, began moving her vehicle to the house. Plaintiff, Kenneth David Halliburton, then pushed the motorcycle over onto the grass to make it possible for his son, Bryan, to enter the driveway and then motioned for his son, Bryan to enter the driveway and to go to the house.  Bryan Cortright entered the driveway around the motorcycle and drove to the house.

10.     After both Plaintiff, Leah Halliburton, and her son, Bryan Cortright, had driven their vehicles past him towards the house, Plaintiff, David Halliburton, began walking to his house.  As he was walking, he noticed that another vehicle was in the street in front of his driveway, and someone was talking to the motorcyclist. The vehicle in the street did not have emergency lights flashing.  Plaintiff did not recognize the vehicle as a police vehicle, nor did he recognize the person talking

to the motorcyclist as a police officer.  The plaintiff was concerned that the other

two motorcyclists might soon confront him.  Not knowing who was out there and

not wanting to put himself or his family in more danger, Plaintiff, David

Halliburton, walked back to his house.

11.    Within just a few minutes, several police cars arrived at plaintiffs' home. Their

vehicles were clearly identified as police vehicles with emergency lights flashing.

Uniformed police came to the door and announced themselves.  Plaintiff, David

Halliburton, declined to answer the door.  Plaintiff, Leah Halliburton, answered

the door and spoke with police.  An officer asked Leah to tell them her husband's

name.  At first she declined to answer, but after being threatened with arrest for

obstruction, she told police that David Halliburton was her husband.  Police asked

her if David Halliburton had pushed over the motorcycle.  Leah told the police

that she did not see the motorcycle being pushed over.  Plaintiff, Leah

Halliburton, told the police that the motorcyclists had been driving erratically and

then followed them home and prevented their son from entering the driveway.

12.    A few minutes after the police left, the three motorcyclists, including the one

who had followed plaintiffs into their driveway, began driving back and forth in

front of plaintiffs' house and revving their engines loudly.  Plaintiff, Leah

Halliburton, called 911 to report the motorcyclists racing and revving their

engines in front of her home.  Police officers responded and told Plaintiff, Leah

Halliburton, that they would patrol the area at regular intervals for the rest of the
evening.

13.    Two months later, on Saturday, August 26, 2023, Plaintiff, Leah Halliburton, was
pulled over by a Duncan Police officer not far from her home.  She was driving
her 2022 Honda Civic with darkly tinted windows.  The officer asked her if she
was "Brooke?" "Brooke" is the first name of Plaintiff, Kenneth David Halliburton's
ex-girlfriend and mother of his daughter.  Before Plaintiff, Leah Halliburton, could
fully respond, the officer received a call on the radio and hastily drove off to a
nearby field to join with a number of police cars just a short distance away.
Plaintiff, Leah Halliburton, followed.  She approached the police and asked what
was going on.  She was told that officers had two warrants for the arrest of
Plaintiff, Kenneth David Halliburton, stemming from the incident at Plaintiffs'
home on June 25, 2023.  Plaintiff, Kenneth David Halliburton had just told
Plaintiff, Leah Halliburton, that he would meet her at their rental property, 501
W. Ash, in Duncan.  Plaintiff, Leah Halliburton, informed police that Plaintiff,
Kenneth David Halliburton, had gone to their property at 501 W. Ash.  The police
officers informed Plaintiff, Leah Halliburton, that they would have sheriff's
deputies meet him there.

14.    Sheriff's deputies entered the rental property at 501 W. Ash and told new
renters that they were there to arrest Plaintiff, Kenneth David Halliburton.  The

incident frightened renters and caused them to cancel their $1,400.00 monthly rental agreement with plaintiffs.

15.    Plaintiff, Leah Halliburton, drove to 501 W. Ash where she met with sheriff's deputies. As she was speaking with sheriff's deputies, Plaintiff, Kenneth David Halliburton, called Plaintiff, Leah Halliburton. Plaintiff, Leah Halliburton, told Plaintiff, Kenneth David Halliburton, that she was meeting with deputies at 501 W. Ash, and that warrants had been issued for his arrest. Plaintiff, Kenneth David Halliburton, asked her if he could surrender to sheriff's deputies. The sheriff's deputies agreed to meet him and take him into custody.

16.    Plaintiff, Leah Halliburton, followed directions given to her by Plaintiff, Kenneth David Halliburton, to assist sheriff's deputies in finding him. She did not have any phone tracking ability, as stated in the officer's affidavit. She was following directions given to her over her cell phone by Plaintiff, Kenneth David Halliburton, as she led sheriff's deputies to find him and arrest him.

17.    Plaintiff, Kenneth David Halliburton, was arrested by sheriff's deputies on Saturday, August 26, 2023, and placed in jail. He was unable to get arraigned and post a bond until Monday, August 28, 2023.

18.    Immediately after bonding out of jail, Plaintiff, Kenneth David Halliburton learned that a video of his arrest was being shown to his children by his ex-wife's new husband.

19.    Just a couple of days later, Plaintiff, Kenneth David Halliburton, learned that his

arrest was being used as the basis for a request to modify his visitation with his

daughter.

20.    On September 5, 2023, Plaintiff, Leah Halliburton, learned that a warrant had

been issued for her arrest for obstructing a police officer on June 25, 2023. The

next day, on September 6, Plaintiff, Leah Halliburton, turned herself in to the

authorities.  She was handcuffed and placed in custody for approximately five

hours before she could be bonded out.

21.    Plaintiff, Kenneth David Halliburton's, arrest for obstruction was not supported

by probable cause or arguable probable cause.  Plaintiff was not in custodial

interrogation.  There was no emergency lighting on the vehicle to indicate that a

police officer was there.  Plaintiff did not curse at the police officer.  He was

focused on getting his family back in the safe area of his home.

22.    Plaintiff, Kenneth David Halliburton's, arrest for malicious injury to property

was not supported by probable cause or arguable probable cause.  He had no

intent to damage the motorcycle.  He was afraid that three motorcyclists might

try to injure him, his wife, or his stepson, Bryan James Cortright at 1:00 a.m. in his

driveway on a dark night.  The motorcycle was preventing his son from entering

the drive and the motorcycle driver was screaming at plaintiffs' son and banging

on his driver's side window.  The plaintiff pushed the motorcycle over and onto

the grass to make it possible for his son to enter the driveway and go to the safety of his house.

23.    The officer, Bryan Eades, used the testimony of an unreliable witness as the source of his affidavit.  Officer Eades was aware that the motorcyclist had followed Kenneth David Halliburton and his family home at 1:00 a.m.  Officer Eades was aware that the motorcyclist was wearing a helmet and could not have possibly heard Kenneth David Halliburton speaking to him from the driver's side of his vehicle, yet he accepted the motorcyclist's testimony that Kenneth David Halliburton had told the motorcyclist to follow him home.  Officer Eades was aware that there were three motorcyclists involved and that it would be extremely unlikely that Kenneth David Halliburton would have told the three motorcyclists to follow him and his family home at one o'clock in the morning. Officer Eades falsified his affidavit by reporting that Plaintiff, Leah Halliburton, told him that Kenneth Davide Halliburton, had pushed over the motorcycle.  She did not say that to the officer.

24.    Plaintiff, Leah Halliburton's, arrest for obstructing a police officer was not supported by probable cause or arguable probable cause.  She did not provide false testimony to officers.  She told the officers what she was told.  She assisted officers in finding her husband, Kenneth David Halliburton, so that sheriff's deputies could arrest him.  Officer Conner P. Newman further falsified his

affidavit for probable cause by reporting that Plaintiff, Leah M. Halliburton, was

"tracking" Plaintiff, Kenneth David Halliburton, on her phone.  She did not have

tracking information on her phone.

25.    Plaintiff, Kenneth David Halliburton, was required to post a $5,000 bond.

Plaintiff, Leah M. Halliburton, was required to post a $500.00 bond.

26.    Plaintiff, Kenneth David Halliburton, retained counsel to defend him against

the said criminal charges, and has paid attorney's fees.  Attorney's fees will

continue to accrue.

27.    Plaintiff, Leah M. Halliburton, retained counsel to defend her against the said

criminal charges, and has paid attorneys fees.  The criminal case has not yet been

set for trial.  Attorney's fees will continue to accrue.

28.    As a result of Kenneth David Halliburton's arrest, plaintiffs lost $1,400.00 in

rental fees for their rental property at 501 W. Ash, in Duncan.

29.    Plaintiff, Kenneth David Halliburton, was arrested, handcuffed, and held in jail

for two days, for which he seeks $2,000.00 in damages for the pain and

discomfort caused by his arrest and false confinement.

30.    Plaintiff, Leah M. Halliburton, was arrested, handcuffed, and held in

confinement for five hours, for which she seeks $1,000.00 in damages for the

pain and discomfort suffered because of her arrest and false confinement.

**31.**    Plaintiff, Kenneth David Halliburton, seeks punitive damages in the amount of $50,000.00 for the false, intentional and malicious statements made by Officer Bryan M. Eades in his affidavit for probable cause.  Bryan M. Eades' false statements were made willfully, wantonly, and in reckless disregard for the rights of Plaintiff and resulted in injury to Plaintiff, Kenneth David Halliburton, in securing his false arrest and imprisonment.

**32.**    Plaintiff, Leah M. Halliburton, seeks punitive damages in the amount of $50,000.00 for the false, intentional and malicious statements made by Officer Conner P. Newman in his affidavit for probable cause.  Conner P. Newman's false statements were made willfully, wantonly, and in reckless disregard for the rights of Plaintiff and resulted in injury to Plaintiff, Leah M. Halliburton, in securing her false arrest and imprisonment.

**CLAIM FOR RELIEF**

**33.**    The preceding allegations contained in paragraphs numbered 1 – 32 are incorporated herein by reference.

**34.**    The actions of Defendant, Bryan M. Eades, deprived Plaintiff, Kenneth David Halliburton, of the following rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution:

a) The right of the Plaintiff, Kenneth David Halliburton, under the Fourth and Fourteenth Amendments to the Constitution of the United States to be secure in his person against unreasonable seizure.

b) The right of Plaintiff, Kenneth David Halliburton, not to be deprived of life, liberty, or property without due process of law.

35.   As a direct and proximate result of the foregoing actions of Defendant, Bryan M. Eades, Plaintiff, Kenneth David Halliburton, has suffered financial loss and the pain and discomfort of being arrested, handcuffed, and jailed for two days.

36.   The acts of Defendant, Bryan M. Eades, were performed knowingly, intentionally, maliciously, and with reckless disregard for the rights of Plaintiff, Kenneth David Halliburton, and resulting in injury by reason of which Plaintiff, Kenneth David Halliburton, is entitled to punitive damages.

37.    The actions of Defendant, Conner P. Newman, deprived Plaintiff, Leah M. Halliburton, of the following rights, privileges, and immunities secured to her by the Fourth and Fourteenth Amendments to the Constitution:

c) The right of the Plaintiff, Leah M. Halliburton, under the Fourth and Fourteenth Amendments to the Constitution of the United States to be secure in her person against unreasonable seizure.

d) The right of Plaintiff, Leah M. Halliburton, not to be deprived of life, liberty, or property without due process of law.

**38.**  As a direct and proximate result of the foregoing actions of Defendant, Conner P. Newman, Plaintiff, Leah M. Halliburton, has suffered financial loss and the pain and discomfort of being arrested, handcuffed, and jailed for five hours.

**39.**  The acts of Defendant, Conner P. Newman, were performed knowingly, intentionally, maliciously, and with reckless disregard for the rights of Plaintiff, Leah M. Halliburton, by reason of which Plaintiff, Leah M. Halliburton, is entitled to punitive damages.

WHEREFORE, Plaintiff, Kenneth David Halliburton, prays that judgment enter in his favor and against Defendant, Bryan M. Eades, for:

a)  Compensatory damages;

b)  Punitive damages;

c)  All available equitable relief;

d)  Attorney's fees;

e)  Costs of suit expended;

f)  Pre-judgment and post-judgment interest as provided by law; and

g)  Such other and different relief as to the Court may seem just and proper; and

WHEREFORE, Plaintiff, Leah M. Halliburton, prays that judgment enter in her favor and against Defendant, Conner P. Newman, for:

h)  Compensatory damages;

i)  Punitive damages;

j)  All available equitable relief;

k)  Attorney's fees;

l)  Costs of suit expended;

m)  Pre-judgment and post-judgment interest as provided by law; and

n)  Such other and different relief as to the Court may seem just and proper.

**REQUESTS FOR JURY TRIAL**

Plaintiffs, Kenneth David Halliburton and Leah M. Halliburton, request a jury trial

as to all claims and issues.

Dated: October 24, 2023

> s/ Tim Stiger
> Bar Number:  8634
> 1336 County Road 1363
> Chickasha, OK  73018
> (405)320-4571
> TimStigerLaw@outlook.com