IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNETH DAVID HALLIBURTON and LEAH MARI HALLIBURTON,<br><br>    Plaintiffs,<br><br>-vs-<br><br>BRYAN M. EADES, in his individual capacity, and CONNOR P. NEWMAN, in his individual capacity,<br><br>    Defendants. | Case No. CIV-23-970-F |

## ORDER

Plaintiffs Kenneth David Halliburton and Leah Mari Halliburton have sued defendants Bryan M. Eades and Connor P. Newman, in their individual capacities, seeking relief under 42 U.S.C. § 1983 for alleged violations of their constitutional rights.[1] Specifically, plaintiffs allege that defendants violated their Fourth and Fourteenth Amendment rights arising out of their arrests.[2] Defendants have moved to dismiss plaintiffs' complaint based on insufficiency of service of process, Younger abstention,[3] and the defense of qualified immunity. Doc. no. 11. Plaintiffs

---

[1] According to plaintiffs' first amended complaint, defendants were police officers for the City of Duncan at all relevant times.

[2] According to plaintiffs' first amended complaint, on August 26, 2023, Mr. Halliburton was placed under arrest, pursuant to arrest warrants, for obstruction and malicious injury to property, and on September 6, 2023, Mrs. Halliburton was placed under arrest, pursuant to an arrest warrant, for obstructing a police officer.

[3] Younger v. Harris, 401 U.S. 37 (1971).

have responded, opposing dismissal.  Doc. no. 14.  Defendants have replied.  Doc. no. 15.  The matter is at issue.

Initially, the court finds that defendants' request for dismissal based on insufficiency of service of process is moot.  Defendants in their reply specifically concede they were properly served with process after the filing of their dismissal motion.  Thus, the court will strike defendants' motion as moot to the extent it seeks dismissal based on insufficiency of service of process.

The court turns to the next ground for dismissal – <u>Younger</u> abstention.  The Tenth Circuit addressed the <u>Younger</u> abstention in <u>Graff v. Aberdeen Enterprizes, II, Inc.</u>, 65 F.4th 500 (10th Cir. 2023).  In so doing, the appellate court stated:

> *Younger* abstention is required when three conditions are satisfied. First, the relevant state court proceeding must be "ongoing."  Second, the state forum must provide an adequate opportunity to raise the relevant federal claims. Third, an important state interest must be present. Once these requirements have been met, *Younger* abstention dictates that federal courts not interfere.  The principles underlying *Younger* abstention apply, in most circumstances, without regard to the relief requested.  Thus, claims for declaratory and injunctive relief are subject to outright dismissal.  [T]he *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding. Notably, however, as to claims for money damages, the appropriate course is staying proceedings on the federal damages claim until the state proceeding is final.

*Id*. at 523 (internal quotation marks and citations omitted).

Plaintiffs do not dispute that the three conditions required for <u>Younger</u> abstention are satisfied with respect to their pending state criminal proceedings.  Instead, they ask the court, as indicated by the Tenth Circuit, to stay their claims for monetary relief until the pending state criminal proceedings against them have concluded.

Defendants in reply acknowledge that a stay may be appropriate in cases where a plaintiff requests money damages. However, they point out that plaintiffs request not only money damages, but also "[a]ll available equitable relief." Doc. no. 1, ECF pp. 13-14. As such, they contend that the court should dismiss plaintiffs' complaint and action in its entirety or, at the very least, dismiss the requested equitable relief.

Upon review, the court agrees with defendants that to the extent the complaint seeks equitable relief, it should be dismissed without prejudice based on Younger abstention.[4] The court, however, agrees with plaintiffs that to the extent the complaint seeks monetary relief, it should not be dismissed without prejudice, rather the complaint (and the action) should be stayed until the pending state criminal proceedings are finally resolved.

Lastly, as to the defense of qualified immunity, the court concludes that such issue should be decided after the pending state criminal proceedings are finally resolved, and the stay of this case has been lifted. The court will strike defendants' motion without prejudice to refiling to the extent it seeks dismissal based on the defense of qualified immunity.

Accordingly, the Motion to Dismiss Plaintiffs' First Amended Complaint (doc. no. 11), filed November 20, 2023, is **STRICKEN** as **MOOT** to the extent it seeks dismissal for insufficiency of service of process and is **STRICKEN** without prejudice to refiling to the extent it seeks dismissal based on the defense of qualified immunity.

The Motion to Dismiss Plaintiffs' First Amended Complaint is **GRANTED** to the extent it seeks dismissal based on Younger abstention of plaintiffs' complaint

---

[4] Younger abstention is jurisdictional. D.L. v. Unified School Dist. No. 497, 392 F.3d 1223, 1228 (10th Cir. 2004).

seeking equitable relief and is **DENIED** to the extent it seeks dismissal based on <u>Younger</u> abstention of plaintiffs' complaint seeking monetary relief.

Plaintiffs' complaint and action for monetary relief is **STAYED** pending final resolution of the state criminal proceedings against both plaintiffs. For statistical purposes only, the court clerk is directed to administratively close this matter in her records pending final resolution of the state criminal proceedings against both plaintiffs.

Within 14 days of the final resolution of the state criminal proceedings against both plaintiffs, the parties shall so notify the court in writing, so that the court may reopen this matter for further proceedings.

DATED this 28th day of December, 2023.

/s/ S.P. Friot
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

23-0970p001.docx